Filed 9/9/21  P. v. Robinson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THOMAS ROBINSON,<br><br>    Defendant and Appellant. | C091744<br><br>(Super. Ct. No. 95F04763) |

On March 20, 1997, a jury found defendant Thomas Crater Robinson guilty of one count of first degree murder (Pen. Code, § 187),[1] five counts of robbery (§ 211), and two counts of attempted robbery (§§ 211/644).  The jury also found true a murder special circumstance that defendant had been engaged in robbery (§ 190.2, subd. (a)(17)), had personally used a firearm for seven counts (§ 12022.5, subd. (a)), was armed with a

---

[1]  Undesignated statutory references are to the Penal Code.

1

firearm for one count (§ 12022, subd. (a)), and inflicted great bodily injury for one count (§ 12022.7). Defendant also had a prior strike conviction. On April 28, 1997, defendant was sentenced to life without the possibility of parole, plus an additional determinate term of 47 years. We affirmed this judgment in *People v. Robinson* (Dec. 10, 1999, C026595) [nonpub. opn.] (*Robinson*).

On December 2, 2019, defendant filed a petition for resentencing under section 1170.95 in light of changes brought about by Senate Bill No. 1437 (2017-2018 Reg. Sess.), which " 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 325, review granted Mar. 18, 2020, S260493 (*Verdugo*).)

Defendant's pro. per. form petition for resentencing checked boxes declaring he had been prosecuted and convicted of felony murder and could not now be convicted of either first or second degree murder because of changes made to sections 188 and 189. This petition further declared defendant was not the actual killer and had not acted "with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree." However, the petition failed to declare that defendant was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony. The superior court appointed defense counsel, the prosecutor filed a response and a motion to dismiss the petition, and defense counsel filed a reply.

On February 24, 2020, the trial court dismissed defendant's petition finding him ineligible because a jury unanimously found defendant guilty of "first degree murder and that a Penal Code [section] 190.2[, subdivision ](a)(17) robbery-murder special circumstance was true. . . . As such, the jury necessarily made a true finding, beyond a

2

reasonable doubt, on the actual killer/intent to kill/major participant with reckless indifference requirement now embodied in Penal Code [section] 189[, subdivision ](e) itself for felony first degree felony-murder."

Because defendant failed to aver that he was not a major participant and did not act with reckless indifference to human life, his petition was facially insufficient and failed to establish his eligibility for relief. (§§ 189, subd. (e)(3), 1170.95, subd. (a)(3).) However, the denial of his petition was without prejudice; he could correct this omission by bringing a successive petition expressly alleging the required facts. (§ 1170.95, subd. (b)(2).) Rather than putting him to a procedural task that would only delay resolution of this matter, we will instead address the ultimate issue and conclude that his claim is not only procedurally defective but fails as a substantive matter. We thus affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant's petition is largely bereft of details concerning his trial and conviction. In determining whether a petitioner is ineligible for relief as a matter of law, the trial court may evaluate "documents in the court file or otherwise part of the record of conviction that are readily ascertainable . . . ." (*Verdugo, supra*, 44 Cal.App.5th at p. 329, rev. granted.) This includes our earlier unpublished decision and the jury instructions. (*Id*. at p. 333; *People v. Gomez* (2020) 52 Cal.App.5th 1, 16, review granted Oct. 14, 2020, S264033.) We extract from this background information to provide context for our discussion.

Around midnight on June 8, 1995, defendant and Andrew Crater robbed several victims at gun point at different locations in Sacramento. One robbery took place outside of a music venue where James Pantages had just finished playing with his band. Carter struck one of Pantages' bandmates with a gun and took money from his pocket and defendant shot Pantages in the chest, who died a short while later. (*Robinson, supra*, C026595 [at pp. 3-4].)

3

At trial, the jury was instructed as follows for the special circumstance finding: "If you find that a defendant was not the actual killer of a human being . . . you cannot find the special circumstance to be true unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree, or with reckless indifference to human life and as a major participant, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted in the commission of the crime of robbery which resulted in the death of a human being."

**DISCUSSION**

Though our prior opinion indicates defendant was the actual killer, this was not necessarily found by the jury nor at issue on defendant's direct appeal. But the People alleged and the jury found true the robbery-murder special circumstance, which authorizes a sentence of life without the possibility of parole for "a major participant" in a felony murder who acted with "reckless indifference to human life." (§ 190.2, subds. (a)(17) & (d).) These are also the precise facts the prosecution must prove in order to establish guilt under the felony-murder statute as amended by Senate Bill No. 1437.

The People argue the jury's special circumstance finding renders defendant ineligible for relief under section 1170.95 as a matter of law. Defendant, supported by case authority, disagrees. He points to the Supreme Court's opinions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, issued after the jury's finding and following our review of that finding in the present case. In *Banks* and *Clark* the court construed "major participant" and "reckless indifference to human life" in a manner that differed from earlier constructions of the term. According to *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011, a case relied on by defendant, in light of the Supreme Court's opinions, we "cannot simply defer to the jury's pre-*Banks* and *Clark* factual findings that [defendant] was a major

4

participant who acted with reckless indifference to human life as those terms were interpreted at the time." (*Id.* at p. 1179.)

Further, according to *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835, another case cited by defendant, "Section 1170.95 provides 'the petitioner may rely on the record of conviction or offer new or additional evidence to meet [his] burden[ ].' (§ 1170, subd. (d)(3).) It is conceivable that [defendant] may be able to provide evidence not presented at trial that would demonstrate either that he was not a major participant in the robbery or did not act with reckless indifference to human life. By ruling prior to the appointment of counsel, the trial court deprived [defendant] of the opportunity to develop, with the aid of counsel, a factual record beyond the record of conviction." (*Id.* at p. 95, fn. omitted.)

With respect, we disagree with *Torres* and *Smith* "because, in our view, they rest on a misunderstanding of the effect of *Banks* and *Clark*, and they overlook the plain language of section 1170.95." (*People v. Jones* (2020) 56 Cal.App.5th 474, 483, review granted Jan. 27, 2021, S265854.)

The *Banks* and *Clark* decisions did not pronounce new standards for the determination of "major participant" and "reckless indifference." The pattern jury instructions that guide juries in determining felony-murder special circumstances remain the same. The facts determined by defendant's jury are the same as the facts that would be determined by a jury today.

Section 1170.95 expressly limits evidentiary hearings to circumstances where a petitioner can demonstrate they "could not be convicted of *first or second degree* murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3), italics added.) "[T]here is no basis to conclude as a general matter that a pre-*Banks* and *Clark* jury was instructed differently than a *post-Banks* and *Clark* jury, or resolved different factual issues, answered different questions, or applied different standards. The mandatory instructions did not change, and the pre-*Banks* and *Clark* jury

5

necessarily resolved the same factual issues beyond a reasonable doubt that a *post-Banks* and *Clark* jury would necessarily resolve beyond a reasonable doubt.  [¶]  Of course, jury findings in a final judgment are generally considered to be valid and binding unless and until they are overturned by collateral attack."  (*People v. Nunez* (2020) 57 Cal.App.5th 78, 94, review granted Jan. 13, 2021, S265918.)

Like the defendant in *Jones*, defendant here is not seeking relief "because of" the changes to section 189, that provide a basis for challenging his murder conviction but because of purported changes in the law wrought by *Banks* and *Clark* that provide a basis for challenging his special circumstance finding.  (See also *People v. Allison* (2020) 55 Cal.App.5th 449, 458.)  The appropriate vehicle for asserting a challenge to the special circumstances finding is not a petition under section 1170.95.  Section 1170.95 does not permit a court to ignore express findings of a jury or to supplant them with new findings based on evidence provided at a hearing where the People would again have the burden of persuasion beyond a reasonable doubt.  If defendant believes the jury finding lacks evidentiary support, the appropriate procedure for challenging it is by a petition for habeas corpus.  "When a defendant seeks habeas corpus relief, the underlying judgment is presumed valid.  [Citation.]  In a habeas corpus challenge to the sufficiency of the evidence to support a special circumstance finding, the 'standard of review . . . is whether, when evidence that is reasonable, credible, and of solid value is viewed "in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the allegation beyond a reasonable doubt." ' "  (*In re Bennett* (2018) 26 Cal.App.5th 1002, 1018, quoting *People v. Clark, supra*, 63 Cal.4th at p. 610.)  A petitioner who challenges a pre-*Banks*/*Clark* finding on habeas must establish that the record contains insufficient evidence to support a conclusion they acted as a major participant or with reckless indifference to human life.  (*People v. Duvall* (1995) 9 Cal.4th 464, 474.)

Though we recognize the split in appellate decisions on this issue, we believe the better analysis is set forth in *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted October 14, 2020, S264284, *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted November 18, 2020, S264978, *Jones*, *Nunez*, and other cases that disagree with *Smith* and *Torres*.  Accordingly, we conclude that defendant's special circumstance finding renders him ineligible for relief under section 1170.95 as a matter of law.  The petition was properly denied without an evidentiary hearing.

**DISPOSITION**

The judgment is affirmed.


_____/s/_____
RAYE, P. J.



We concur:



_____/s/_____
BLEASE, J.



_____/s/_____
HULL, J.

7